UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILAN C. STEWART,

        Plaintiff,

        v.                                           Case No. 21-C-179

JAY HOWARTH, JR.,
ISAAC BUHLE,
COLTON KAMMER,
KELLY S. REIGNER, and
DEBRA J. HERT,

        Defendants.

---

## SCREENING ORDER

---

Milan C. Stewart, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Stewart's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Stewart has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Stewart has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Stewart lacks the funds to pay a partial filing fee, so the Court waives that requirement. 28 U.S.C. §1915(b)(4). Stewart's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Stewart states that, on May 14, 2020, he was loitering on the south cell hall. He acknowledges that he had failed to follow an unspecified directive, and he states that, as he walked back to his cell to lock in, Defendant Jay Howarth "wrapped his arms around [him] and slammed [him] to the ground." Dkt. No. 1 at 2. According to Stewart, the remaining Defendants then came to assist Howarth. Colton Kammer secured his right arm, Isaac Buhle and Debra Hert secured his left arm, and Kelly Reigner secured his head "by pressing down hard and placing [his] head between her inner thigh, which made it very hard to breath[e]." *Id.* at 2-3. Stewart asserts that he did not show any signs of being violent toward staff.

## THE COURT'S ANALYSIS

The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Stewart's allegations are insufficient to state a claim because the Court cannot reasonably infer that Defendants applied force maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Stewart alleges that, just before Defendants used force, he was "loitering" and had refused to follow a directive. He does not state the nature of the directive he refused to follow. He also alleges that he was heading back to his cell to "lock in" when Howarth "slammed" him to the ground. It is unclear whether Stewart was complying with a directive when Howarth made contact with him or whether he was still ignoring officers' directives when he started walking toward his cell.

3

The distinction is important because none of Defendants' actions as alleged by Stewart (taking a prisoner to the ground and securing his arms and head) implicate the Eighth Amendment if those actions were taken in response to Stewart's continued refusal to comply with lawful directives. Prisoners are not at liberty to decide which rules and orders they will comply with; they "are and must be required to obey orders." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (citations omitted). Allowing prisoners to assert their authority over the institution places staff and other inmates in danger. Thus, Stewart walking back to his cell may not have been as innocuous as it seems if him doing so was in direct violation of officers' directives.

Although the allegations in Stewart's complaint are insufficient to state a claim, the Court will allow Stewart to file an amended complaint that provides additional details regarding the incident at issue. The amended complaint does not have to be long or contain legal arguments or references to caselaw, but it must include enough factual allegations for the Court to reasonably infer that Defendants' alleged actions violated the Constitution. If Stewart wants to proceed with this case, he must file an amended complaint on or before **April 30, 2021**. An amended complaint will replace the original complaint and must be complete in itself without referring to or relying on the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

Finally, the Court will include a copy of its amended complaint form. Stewart must use the Court's form. *See* Civil L.R. 9(b). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. §1915A. If no amended complaint is received, the Court will dismiss this

4

case based on the original complaint's failure to state a claim and will assess Stewart a strike pursuant to 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that Stewart's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 30, 2021**, Stewart shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Stewart a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Stewart shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Stewart's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Stewart is transferred to another institution, the transferring institution shall forward a copy of this Order along with Stewart's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Stewart is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Stewart is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __31st__ day of March, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge