UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILAN C. STEWART,

        Plaintiff,

        v.                                Case No. 21-C-179

JAY HOWARTH, JR.,
ISAAC BUHLE,
COLTON KAMMER,
KELLY S. REIGNER, and
DEBRA J. HERT,

        Defendants.

## SCREENING ORDER

Milan C. Stewart, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On April 1, 2021, the Court screened Stewart's complaint and found that it failed to state a claim. Dkt. No. 8. The Court gave Stewart the opportunity to file an amended complaint, which he did a few days later, on April 5, 2021. Dkt. No. 9. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As the Court explained in its original screening order, it has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies

with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Stewart alleges that, on May 14, 2020, staff gave him an order to lock in. Dkt. No. 9 at 2. Stewart acknowledges that he refused at first to comply. He asserts that he was loitering but was not making any threats of harm toward staff. According to Stewart, he eventually started heading toward his cell to lock in when Defendant Jay Howarth got in front of him and ordered him to stop and sit down. Stewart asserts that when he tried to walk around Howarth, Howarth "wrapped his arms around [him] and slammed [him] to the ground." *Id.* Stewart alleges that the remaining

2

Defendants came to assist: Colton Kammer secured his right arm, Isaac Buhle and then Debra Hert secured his left arm, and Kelly Reigner secured his head "by pressing down hard and placing [his] head between her inner thighs, which made it hard to breath[e]." *Id.* at 2-3.

THE COURT'S ANALYSIS

The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of injury suffered by the prisoner." *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000) (citations omitted).

Stewart concedes that he failed to obey multiple lawful orders. He first refused to lock in, and then he ignored Howarth's orders to stop walking and to sit down. Instead of complying with Howarth's lawful orders, Stewart explains that he tried to walk around Howarth. Based on Stewart's actions, the Court cannot reasonably infer that Howarth's decision to use force to stop Stewart from walking around him was applied "maliciously and sadistically for the purpose of causing harm." The only reasonable inference is that Howarth was trying to "maintain or restore discipline" in the face of Stewart's persistent refusal to comply with lawful orders.

Stewart asserts that, when Howarth used force against him, he was not threatening staff and was only heading back toward his cell. But nothing in Stewart's amended complaint suggests that Howarth knew this was Stewart's intention. All Howarth knew was that Stewart was disobeying yet another order. More to the point, prisoners are not at liberty to decide which rules and orders they will comply with; they "are and must be required to obey orders." *Lewis v.*

3

*Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (citations omitted).  Allowing prisoners to assert their authority over the institution places staff and other inmates in danger.

Having found that some degree of force was constitutionally permissible, the Court considers whether Stewart has sufficiently alleged that the force Defendants used was "excessive." According to Stewart, Kammer, Buhle, and Hert merely secured his arms, which is insufficient to state a claim.  He also alleges that Howarth "slammed" him to the ground and that, to secure his head, Reigner pressed down hard on his head and placed it between her thighs, which made it hard to breathe.   Stewart provides no factual allegations clarifying what he means by his characterization that Howarth "slammed" him to the ground or that Reigner "press[ed] down hard" on his head, but it goes without saying that one person controlling the physical movements of another person will require a degree of force that may be uncomfortable for the person whose movements are being controlled.  In any event, Stewart's allegations that he was "slammed" to the ground and that his head was "press[ed] down hard" are too vague for the Court to reasonably infer that the force used was excessive.  While courts must construe a pro se plaintiff's allegations broadly, they should not speculate about vague characterizations unsupported by factual allegations.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (holding that a complaint must provide allegations that raise a right to relief above the speculative level; otherwise, a plaintiff pleads himself out of court).

Further, Stewart does not allege that he suffered any physical injury as a result of the force Defendants used.  He asserts that it was hard to breathe, but he does not allege that he suffered any harm as a result of this difficulty or that Reigner maintained the hold for any longer than was necessary to gain control.  The Seventh Circuit has explained that, "while significant injury is not required, a claim ordinarily cannot be predicated upon a de minimis use of physical force. . . . Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights."

4

*DeWalt*, 224 F.3d at 620 (citations omitted). To hold otherwise would transform every correctional officer's use of force against a recalcitrant inmate into a federal case and thereby incentivize inmates to disobey lawful orders. It would also undermine the ability of correctional officers to maintain order. In short, Stewart's allegations fall short of what is required to state a claim for excessive force under the Eighth Amendment.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) and enter judgment accordingly.

Dated at Green Bay, Wisconsin this 8th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.